IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHESTER ALAN STAPLES, #1853049 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1041 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Chester Alan Staples ("Staples"), *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging the illegality of his convictions. The cause of action was referred to the United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

After a review of the record and pleadings, Judge Love issued a Report, (Dkt. #31), recommending that Petitioner's petition be dismissed, with prejudice, and that Petitioner also be denied a certificate of appealability *sua sponte*. Petitioner has filed timely objections, (Dkt. #36).

As an initial matter, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, Petitioner's objections are general and conclusory. Petitioner made no objections to any of Judge Love's specific findings or analyses contained in the Report—other than to say he disagrees and has shown a constitutional violation. Specifically, Petitioner begins by remarking that he "objects to all adverse rulings in the Report and Recommendation." (Dkt. #36, pg. 1). Petitioner also states that he "contends that all arguments show color and substantial merit,

1

[therefore] the objection still stands." *Id*. Because Petitioner does not address specific findings articulated in the Report, his objections are general in nature and will be overruled.

The crux of Petitioner's objections is his disagreement with Texas state habeas procedures. Specifically, Petitioner opines that he "objects to the Report and Recommendation due to the fact that the Court's adjudication is based on 'No Action,' 'No Hearing,' 'No conclusions of law,' and 'No findings of facts.' The Report and Recommendation is unsupported." (Dkt. #36, pg. 3). Petitioner then proceeds, for about eight pages, to explain how the Texas state habeas procedures, under Article 11.07, are inadequate because the state habeas court did not make findings of fact and conclusions of law. Petitioner then highlights how there was a dissenting opinion within his habeas adjudication—which is nonbinding and only argues that Petitioner be appointed post-conviction counsel to better articulate his claims. (Dkt. #18, pg. id. #1114-15).

However, it is well-settled than any alleged infirmities in state habeas proceedings are not grounds for federal relief. *See Haynes v. Quarterman*, 526 F.3d 189, 195 (5th Cir. 2008); *see also Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001) ("That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.").

Furthermore, the failure to enter express findings of fact does not preclude deference under the AEDPA because "[a]s a federal court, we are bound by the state habeas court's factual findings, both implicit and explicit." *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *see also Becerril v. Quarterman*, 2007 WL 1701869 *4 (S.D.Tex.—Houston Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief. A federal court is bound by the state habeas court's factual findings, both implicit and explicit.") (citation omitted).

In Texas, when the Court of Criminal Appeals denies a state habeas petition—with or without an order or opinion—the "denial" means that the court addressed and rejected the merits

of a particular claim. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.").

Here, the Texas Court of Criminal Appeals denied Petitioner's state habeas application. (Dkt. # 18, pg. id. #1004). Accordingly, the state court addressed and rejected the merits of his habeas claims—irrespective of whether it entered explicit findings of fact and conclusions of law. Because the AEDPA requires federal courts to provide deference to the state habeas courts' express and implicit findings, Petitioner's objections are meritless.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections, (Dkt. #36), are overruled and the Report of the Magistrate Judge, (Dkt. #31), is **ADOPTED** as the opinion of the District Court. It is also

**ORDERED** that the above-styled habeas action is **DISMISSED WITH PREJUDICE**. Moreover, it is

**ORDERED** that Petitioner Staples is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

3

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** **February 25, 2019.**

_____
Ron Clark, Senior District Judge